MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): LOPEZ D. JONES | Docket or Case No.: #3:92CR39 |
| Place of Confinement: FCI Fort Dix | Prisoner No.: 11153-014 |
| UNITED STATES OF AMERICA  v.  LOPEZ D. JONES | Movant (include name under which convicted) |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   U.S. District Court of Connecticut

   (b) Criminal docket or case number (if you know): _____
2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: 9/7/93
3. Length of sentence: 328 months
4. Nature of crime (all counts): 21;846 conspiracy, 21:848 Continuing Criminal Enterprise

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?                    Yes ☐    No ☐
9. If you did appeal, answer the following:
   (a) Name of court: __Second Circuit of Appeals__
   (b) Docket or case number (if you know): _____
   (c) Result: __Denied__
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: __Sequestration Fed. R. Evid. 615__

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: __Denied__

   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __District Court of Connecticut__
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: _____
        (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☒

(7) Result: _____ DISMISSED _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court: _____ N/A _____

  (2) Docket or case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☐

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:    Yes ☐  No ☐

  (2) Second petition:  Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ N/A _____
_____
_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** In light of Depierre the base offense level, as it relates to drug amount, is in error

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Although the 841(b) penalty is not on the indictment, as mentioned in Depierre, the jury found petitioned guilty of the 500 grams or more of cocaine and a quantity of marijuana presented on the indictment. Thus, makes the base offense level 26, as expressed by U.S.S.G. 2D1.1

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐ No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: No legal schooling; did not know I had such right

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐ No ☒    N/A
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐ No ☒

Case 3:12-cv-00859-EBB   Document 5   Filed 06/18/12   Page 5 of 19

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A___

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND TWO: The drug quantity used to determine the base offense level is made in violation of due process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There is no findings in the record of conviction warranting an increase in the sentence

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ___No legal schooling; did not know I had such right___

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏ No ☒     N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____ N/A _____

    Name and location of the court where the motion or petition was filed:_____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

    Result (attach a copy of the court's opinion or order, if available):_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏ No ❏     N/A

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏ No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏ No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:_____ N/A _____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

    Result (attach a copy of the court's opinion or order, if available):_____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

Page 8

_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____
_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____
_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **1 & 2, No legal schooling; did not know I had such right; And No legal assistance (ineffective counsel)**

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _____

   _____

   (b) At arraignment and plea: _____

   _____

   (c) At trial: _____

   _____

   (d) At sentencing: _____

   _____

   (e) On appeal: _____

   _____

   (f) In any post-conviction proceeding: _____

   _____

   (g) On appeal from any ruling against you in a post-conviction proceeding: _____

   _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Acting on Newly Recognized Right, as in paragraph (3) below

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __his SENTENCE should bE VACATEd, SET AsidE OR CORRECTEd__

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on __June 6, 2012__ (month, date, year).

Executed (signed) on __6/6/2012__ (date).

_Lopez Jones_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

\* \* \* \* \*

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LOPEZ JONES,                          )
Defendant-Petitioner,                 )
                                      )   Case No.: 3:92CR39 (EBB)
                                      )
    vs.                               )   Judge: ELLEN BREE BURNS
                                      )
                                      )
UNITED STATES OF AMERICA,             )
Plaintiff-Respondent.                 )


MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO TITLE 28 U.S.C. § 2255(f)(3)

NOW COMES the defendant-petitioner, Lopez Jones (hereinafter Petitioner), by and through pro se representation and moves this Honorable Court to vacate, set aside or correct the sentence pursuant to Title 28 U.S.C. §2255(f)(3). In support of this motion, the Petitioner respectfully submits the following:

I.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2255(f)(3). Petitioner is "[a] prisoner in custody under a sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution of the law of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## II. LESS STRINGENT STANDARDS

The Petitioner is a pro se litigant and is entitled to have his petition and asserted claims construed liberally, because pro se litigants are held to less stringent standards than attorneys drafting such complaints. U.S. v. Green, 260 F.3d 78, 83 (2nd Cir. 2001). See also, Haine v. Kerner, 404 U.S. 519, 521 (1972)("we hold less stringent standards than formal pleadings drafted by lawyers").

## III. STATEMENT OF FACTS

Following a trial, defendant Lopez Jones was convicted on May 28, 1993 on two counts with which he was charged: (1)participating in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. §848 (Count 40); (2)conspiring to possess with intent to distribute 500 grams of more of a substance or mixture containing a detectable amount of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §846 (Count 1).

## IV. DEPIERRE IS RETROACTIVELY APPLICABLE

In Depierre v. United States, 130 S. Ct. 2896 (2011), the United States Supreme Court created a new rule that is retroactively applicable on collateral review. A rule is new if "the result was not dictated by precedent existing at the time the defendant's conviction became final". Teague v. Lane, 489 U.S. 288, 301 (1989). When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. Schriro v. Summerlin, 542 U.S. 348, 351 (2004). A substantive rule is one that decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons". Saffle v. Parks, 494 U.S. 484, 494

(1990). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal [or] faces a punishment that the law cannot impose upon him". Schriro, 542 U.S. at 352.

## V. FIRST GROUND FOR RELIEF

IN LIGHT OF DEPIERRE THE BASE OFFENSE LEVEL USED, AS IT RELATES TO DRUG AMOUNT BEFORE INCLUDING THE CCE 4 LEVEL ENHANCEMENT, IS IN ERROR.

Petitioner Jones alleges that the 500 grams or more of cocaine and a quantity of marijuane is what the jury found him guilty of. Thus, the base offense level should be at 26, before including the 4 level enhancement pursuant to 21 U.S.C. §848, as in the Supreme Court's Statutory interpretation in Depierre v. United States, supra.

Petitioner states that the 15-to-50 kilograms used to determine the base offense level to be 34, before including the 4 level enhancement pursuant to 3B1.1 (Aggravating Role) attached to the 21 U.S.C. §848, Continuing Criminal Enterprise ("CCE") statute, is not the amount on the indictment and not a finding by the jury during the trial, nor part of the record of conviction.

Depierre compels that the identity and quantity of drugs are offense elements as a matter of statutory interpretations and must be proven at trial, not at sentence. The Court of Appeals in this Circuit expressed in United States v. Outen, 286 F.3d 622, 636 (2nd Cir. 2002)("section 841(a) no longer presents the entire offense; one element of the crime [drug type/quantity] is found at section 841(b)"); and United States v. Gonzalez, 420 F.3d 111, 120

(2nd Cir. 2005)("Defendant cannot be convicted of, and is not subject to a mandatory minimum sentence pursuant to section 841(b)(1)(A) or (b)(1)(B), unless the statute's prescribed drug quantity is proven beyond a reasonable doubt to a jury").

Unlawful Conduct Relating to Racketeer Influence and Corrupt Organization (§2E1.1) that states that:

> a) Base Offense Level (Apply the greater):
>
>    (1) **19**; or
>
>    (2) the offense level applicable to the underlying racketeering activity.

The Commentary, Application Notes of §2E1.1 states that:

> 1. To determine whether subsection (a)(1) or (a)(2) results in the greater offense level, apply Chapter Three, Parts A, B, C, and D to both (a)(1) and (a)(2). Use whichever subsection results in the greater offense level.

The record reveals that the conduct relating to the CCE conviction in this case is drugs and the drug type/quantity defendant was convicted of by the jury is the amount presented on the indictment. Thus, 500 grams or more of cocaine and a quantity of marijuane falls within the 500 grams to 2 kilograms of cocaine, base offense level 26. The 34 base offense level the court used, before applying the 4 level enhancement is contrary to not only the precedent law of this Circuit but also contrary to the U.S. Supreme Court's holding in <u>Depierre</u>.

## VI.  SECOND GROUND FOR RELIEF

THE DRUG QUANTITY USED TO DETERMINE THE BASE OFFENSE LEVEL FOR THE UNDERLYING CCE CONDUCT/ACTIVITY IS MADE IN VIOLATION OF DUE PROCESS.

The record shows that although the 841(b) statute is absent from the indictment the 500 grams or more of cocaine and a quantity of marijuana is the underlying conduct/activity the jury convicted Jones of. Even at the time of conviction 500 grams of cocaine and a quantity of marijuana gives a base offense level of 26. There is no findings in the record of conviction warranting an increase in the sentence. The Supreme Court ruled in 2005 in United States v. Booker that any fact necessary to increase a defendant's sentence "must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

The 15-to-50 kilograms of cocaine used to place Jones base offense level for the underlying offense is an element that must be proven at trial. Thus, is a violation of due process and the Supreme Court's holding in Depierre, giving retroactively applicable rights concerning the 841(b) penalties place this court in the position to cure the potential due process violation. Whereas, if Circuit precedent and the Supreme Court rulings are considered the lawful calculation, using the finding on the record of conviction, being that the lawful calculation falls short the 20 year requirement of 21 U.S.C. §848 statute, a 20 year sentence stands as a lawful sentence.

-6-

Furthermore, because <u>Depierre</u> is a statutory interpretation, there is no issue of retroactivity. See, <u>Dixon v. Miller</u>, 293 F.3d 74, 79 (2nd Cir. 2002)(Court's new interpretation of drug statute must be applied on collateral review to prevent a violation of Due Process Clause (citing, <u>Fiore v. White</u>, 531 U.S. 225 (2001).

**WHEREFORE**, petitioner must be granted relief, his sentence should be vacated, set aside or corrected.

By: *Lopez Jones*
Lopez Jones, <u>Pro se</u>

## CERTIFICATE OF SERVICE

This is to certify that I have this 6Th day of June, 2012, under the penalty of perjury (Title 28 U.S.C. §1746) served a true and correct copy of the foregoing Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. §2255(f)(3) on the person(s) in the manner prescribed below:

SERVICE BY FIRST CLASS, UNITED STATES MAIL - ADDRESSED AS FOLLOWS:

OFFICE OF U.S. ATTORNEY
157 Church St., 23RD FlR.
NEW HAVEN, CT 06510


BY: *Lopez Jones*
LOPEZ JONES #11153-014
5803 P.O. Box 2000
Fort Dix, NJ 08640